UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN, <br><br> Plaintiff, <br><br> v. <br><br> ASIA PEOPLE'S REPUBLIC, CHINA PEOPLE REPUBLIC, TRIAD CHANG, and JINPING XI, <br><br> Defendants. | CASE NO. 2:23-cv-153 <br><br> ORDER OF DISMISSAL |

This matter comes before the Court on *pro se* Plaintiff Meredith McGlown's[1] complaint. Dkt. No. 8. Judge Tsuchida granted Plaintiff's application to proceed in *forma pauperis* but recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of the summons. Dkt. No. 7.

---

[1] Plaintiff identifies herself as a Washington-licensed attorney, Washington Bar # 650564. But the Court was unable to locate her name or bar number within the Washington State Bar Association's online legal directory. *See* WSBA Legal Directory, https://www.mywsba.org/personifyebusiness/LegalDirectory.aspx (last visited Jul. 3, 2023). This is not the first time Plaintiff McGlown has held herself out as an attorney in the Western District of Washington. *See McGlown v. U.S. Dep't of Com.*, No. 2:23-CV-00049-TL, 2023 WL 1778934, at *3 (W.D. Wash. Feb. 6, 2023). Although Plaintiff may continue to represent herself, she may not hold herself out a Washington-licensed attorney without proof of her licensure. *See State v. Yishmael*, 456 P.3d 1172, 1178 (2020) ("Unlawful practice of law has been a statutory gross misdemeanor in Washington State since at least 1921.").

- 1

"Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. A *pro se* action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of their claim. *Walker v. Walker*, No. CV 21-0904 PHX CDB, 2021 WL 2652568, at *2 (D. Ariz. June 3, 2021), report and recommendation adopted, No. CV-21-00904-PHX-CDB, 2021 WL 2646637 (D. Ariz. June 28, 2021) (citing *Lopez v. Department of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1988)). "Dismissals [under 28 U.S.C. § 1915(e)] should only be ordered when legal theories are 'indisputably meritless,' or when the claims rely on factual allegations that are 'clearly baseless.'" *Morehead v. United States*, et al., No. 1:23-CV-00075-JAR, 2023 WL 4295423, at *1 (E.D. Mo. June 30, 2023) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). "'Clearly baseless' factual allegations include those that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. (quoting *Denton,* 504 U.S. at 32-33).

In this case, Plaintiff names the "Asia People's Republic," "China People Republic," Triad Chang, and Jinping Xi as defendants.[2] Plaintiff's complaint seeks over "1 zillion dollars" in damages for "a job incomplete" and for Defendants' alleged "breach of contract and sabotaging the future indexes of the Plaintiff on the SEC NASDAQ Broker Tracing Corporation [sic]." Dkt. No. 8 at 5. Plaintiff offers little in the way of factual allegations, and what little she does say, is often incoherent. Likewise, Plaintiff fails to identified the law(s) at issue or a basis for the Court's exercise of jurisdiction. Indeed, the Court is skeptical whether Plaintiff could ever provide a

---

[2] Besides Jinping Xi—the president of the People's Republic of China—the Court is unable to identify the other individuals or entities Plaintiff names in her complaint.

ORDER OF DISMISSAL - 2

jurisdictional hook for suing China's president. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"). The Court finds Plaintiff's claims against fictious entities and perhaps people for indeterminately huge amounts to be fanciful, delusional, and frivolous.

To the extent Plaintiff's complaint can be construed as asking this Court to investigate potential claims against the named Defendants, the Court is powerless to do so. *Jordan v. Detective Plaff*, No. 223CV02482DOCMAR, 2023 WL 4295843, at *4 (C.D. Cal. June 30, 2023) (citing *Jackson v. Lewis*, No. C 10-5488 RS (PR), 2011 WL 62429, at *1 (N.D. Cal. Jan. 7, 2011) ("The Court does not conduct investigations. In order to seek judicial relief for his grievances, Plaintiff must file a complaint that provides specific detailed factual matter describing his allegations against defendants for their alleged violation of his federal constitutional rights.")).

Accordingly, the Court orders that Plaintiff's complaint is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B). It is further ordered that Plaintiff's other pending motions are DENIED as moot. Dkt. Nos. 10, 11, 17, 18, 19, 20, 21, 22, and 23.

Dated this 3rd day of July, 2023.

Jamal N. Whitehead
United States District Judge