UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN,<br><br>     Plaintiff,<br><br>  v.<br><br>ASIA PEOPLE'S REPUBLIC, CHINA PEOPLE REPUBLIC, TRIAD CHANG, and JINPING XI,<br><br>     Defendants. | CASE NO. 2:23-cv-153<br><br>NOTICE OF INTENT TO ENTER BAR ORDER AGAINST VEXATIOUS LITIGANT AND ORDER TO SHOW CAUSE |

## INTRODUCTION

This matter is before the Court on its own motion. It has come to the Court's attention that *pro se* Plaintiff Meredith McGlown has filed 10 civil lawsuits in the Western District of Washington, including the present action. The Court has dismissed all 10 complaints as frivolous and for failure to state a claim. Accordingly, the Court will order Plaintiff McGlown to show cause within **21 days** why the Court should not enter a vexatious litigant and standing bar order against her as more fully described below.

## BACKGROUND

Below is an overview of all the cases McGlown has filed in this District:

1. *McGlown v. Lewis, et al.*, Case No. 2:16-cv-01038-RSL: On July 5, 2016, McGlown filed a motion to proceed *in forma pauperis* ("IFP") in a proposed action against Ann Lewis,

ORDER - 1

United Methodist Church, and all 26 residents at Hammond House, which is a community shelter for women. Dkt. No. 1-1 at 1. In McGlown's proposed complaint, she requested "full criminal charges to be applied" to recover assets from defendants' because "the CIA has an active case…in this child pornography case." Dkt. No. 1-1 at 2. In the request for relief section, McGlown stated that "I am a Homeland Security Operational Active Secret Service Agent . . . Now I'm asking, who is our President?" *Id*. at 4. Magistrate Judge James P. Donohue issued a Report and Recommendation, recommending that the Court dismiss McGlown's complaint without prejudice. Dkt. No. 2. McGlown did not object or otherwise respond to the report. The Court adopted the Report and Recommendation, and dismissed McGlown's complaint on August 18, 2016, without prejudice for failure to state a claim; the Court also denied her IFP application. Dkt. No. 3.

2. *McGlown v. State of Wash.,* Case No. 2:17-cv-00202-JCC: On February 9, 2017, McGlown requested leave to proceed IFP in a lawsuit against the "United States, State of Washington" and the "State of Washington Center of Disease Control." Dkt. No. 4. In her proposed complaint, Plaintiff claimed she was "injected with HIV…was denied medical treatment and that is against my civil rights as a citizen of the United States of America." Dkt. No. 4 at 2. She also claimed to be "appealing a decision made in US Courts [sic] in … Seattle-Tacoma," which was a reference to an action in Washington State superior court. *Id.*; *see* Dkt. No. 5 at 2. The Court granted Plaintiff's motion to proceed IFP, Dkt. No. 3, but ultimately dismissed Plaintiff's complaint without prejudice on February 13, 2017, for failure to state a claim upon which relief could be granted. Dkt. No. 5. McGlown appealed the dismissal to the Ninth Circuit Court of Appeals, Dkt. No. 7, but the Ninth Circuit denied the motion and dismissed the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 10.

3. *McGlown v. Lewis, et al.*, Case No. 2:17-cv-00618-RSM: On April 19, 2017, McGlown sought leave to proceed IFP against Ann Harper Lewis, Mary E. Roberts, and Robert Waxler. Dkt. No. 1-1. McGlown's proposed claims were against three Washington State judges for failure to issue protective orders against McGlown's alleged stalker. Dkt. No. 1-1 at 2. The

ORDER - 2

Court denied McGlown's application to proceed IFP because she failed to sign the written consent for payment of cost from any recovery. The Court ordered McGlown to amend her application within 30 days to include a signed consent form, Dkt. No. 6, but she failed to act within the time allowed despite filing two other motions by the Court's deadline. Dkt. No. 11. On June 5, 2017, the Court dismissed McGlown's case without prejudice as a result. *Id.*

  4. *McGlown v. Lewis, et al.,* Case No. 2:17-cv-00924-RAJ: On June 16, 2017, McGlown filed a motion to proceed IFP in another proposed action against Ann Lewis and Mary Roberts, which the Court granted. Dkt. Nos. 1, 3. In her lawsuit, McGlown claimed that Washington State Court Judges Lewis and Roberts denied her anti-harassment order because they were involved in printing US currency and other illegal activities. Dkt. No. 4 at 2. McGlown further alleged that clerks in the district court were terrorist from Canada and that she would not pay any fees because the clerks had already taken $80 billion dollars out of her "Israeli account." *Id.* at 3. The Court found the complaint was frivolous and failed to state a claim; the Court dismissed McGlown's complaint with prejudice and without leave to amend on August 15, 2017. Dkt. No. 14. McGlown appealed the dismissal to the Ninth Circuit, but the Ninth Circuit dismissed the appeal as untimely. Dkt. Nos. 18, 20.

  5. *McGlown v. Mellburg Fin. Grp., Inc.,* Case No. 2:17-cv-01815-RAJ: On December 4, 2017, McGlown requested leave to proceed IFP against Mellburg Financial Group Inc., Hidaya Foundation, and Fernando Godinez. Dkt. No. 4. The Court granted Plaintiff's motion to proceed IFP. Dkt. No. 3. In her complaint, McGlown alleged that her name was "fraudulently signed" to gain her assets and that she is "fully aware of the threats, the coercion, the murders, the kidnappings." Dkt. No. 4 at 2. Her Amended Complaint alleged that "the assets of [t]he Emirates of Isreal [sic]" were obtained through a "[h]ostile takeover of the Sheik of the Emirates of Isreal [sic]." *Id.* at 6. The Court found McGlown's complaint was frivolous and that it failed to state a valid claim for relief. Dkt. No. 10. On June 12, 2018, the Court dismissed Plaintiff's complaint with prejudice and without leave to amend. *Id.*

ORDER - 3

6. *McGlown v. Dep't of Homeland Sec.,* Case No. 2:18-cv-01403-RSM: On September 24, 2018, McGlown requested leave to proceed IFP in a lawsuit against the Department of Homeland Security and the "UCIS Application Support Center." Dkt. No. 5. The Court granted Plaintiff's motion to proceed IFP. Dkt. No. 4. In her complaint, McGlown alleged "the Obama Reform Act … and the Reversional [sic] Law FCC 4122 1st Cir. Of the United States of America in DC + BC granted the State of Washington Permission for the Caliphate of Isreal [sic] to take residence in the United States." Dkt. No. 5 at 3. McGlown alleged there was "an order for biological testing and counseling with DNA identification" and that Congress "breached the contract when they did this." *Id.* In response, the Court ordered McGlown to write a short and plain statement of no more than six pages within 21 days, showing causes of action and telling the Court why the case should not be dismissed as frivolous. Dkt. No. 7. In her response, McGlown raised topics not previously discussed in her complaint, including alleged war crimes, rape, an attempted assassination by the CIA, all with no clear causes of action or requests for relief. Dkt. No. 11 at 2. On October 23, 2018, the Court dismissed McGlown's case, finding her complaint to be frivolous, malicious, and without a properly stated claim for relief. *Id.* at 3. McGlown appealed the dismissal to the Ninth Circuit, Dkt. No. 13, but the Ninth Circuit ultimately dismissed her appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on April 19, 2019. Dkt. No. 17.

7. *McGlown v. State of Wash., et al.*, Case No. 2:19-cv-01658-RSM: On October 16, 2019, McGlown filed a motion seeking leave to proceed IFP against the State of Washington and "The Appellant Commissioner for the Ninth Western District Court," which the Court granted. Dkt. Nos. 3, 4. McGlown claimed that Washington "[was] in litigation in a court of law over contractual breaking of a governmental contract that did not get honored by the U.S. Congressional House of the United States nor by the Nation of Islam." Dkt. No. 4. at 5. Additionally, she complained that in her previous cases, she did not receive oral argument and was seeking to "meet with the Appellant Commissioner in chambers." *Id.* at 5, 8-9. The Court ordered McGlown to show a jurisdictional basis for her claims and explain the laws upon which

ORDER - 4

her claims were based, but McGlown did not file a responsive statement. Dkt. No. 6. The Court dismissed her case without prejudice on December 3, 2019. Dkt. No. 8.

8. *McGlown v. Mellburg Fin. Grp., Inc., et al.,* Case No. 2:19-cv-00029-RSL: On January 9, 2019, for the second time, McGlown requested leave to proceed IFP against Mellburg Financial Group, Inc. as well as the Ahmadayyia Foundation, Inc., Hadaya Foundation, Inc., and Miller and Associates. Dkt. No. 1. The Court granted her motion. Dkt. No. 3. In her lawsuit, McGlown claimed a breach of contract between herself and the United States Department of Defense, the "Mellburg and Moncharsh Blase." Dkt. No. 4 at 4. The allegations also included acts of fraud, kidnapping, coercion, harassment, and stalking. *See* Dkt. Nos. 4-1, 4-2. The Court ordered McGlown to amend her complaint to clearly identify her claims, and the legal basis for the same, against the defendants. Dkt. No. 12 at 1. In her amended complaint, McGlown alleged that Mellburg "stalked, genetyped [sic] and disfigured the Caliphate of Islam. Then they took over the Dept. of Justice here in Seattle, Washington and members of the Justice Department in Oregon State. They found a[] bond that was secured in the Dept. of Justice Trustee Department and took the Sedol of the Emirates of Islam into a foreign country. Where it was cashed for the sum of $256 trillion dollars." Dkt. No. 14 at 1-2. On April 5, 2019, the Court dismissed McGlown's case with prejudice because it was frivolous and for failure to state a valid claim for relief. Dkt. No. 15 at 2. McGlown appealed the dismissal to the Ninth Circuit. Dkt. No. 19. The Ninth Circuit denied the motion and dismissed her appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 23.

9. *McGlown v. U.S. Dep't of Commerce, et al.,* Case No. 2:23-cv-00049-TL: On January 10, 2023, McGlown filed a motion requesting leave to proceed IFP against the United States Department of Commerce, the "Federal Depository Bank," and the "Treasury Retail Securities." Dkt Nos. 4, 5. The Court granted her motion. Dkt. No. 4. McGlown's lawsuit alleged enslavement by deceased former U.S. presidents (including former President Grant, who died in 1885), personal involvement in large loans to the U.S. government, cloning, spaceships, and numerous other details. Dkt No. 5 at 5 and 18. The Court expressed sympathy for any distress

McGlown could be experiencing, but dismissed her case as frivolous and for failure to state a claim for relief on February 6, 2023. Dkt. No. 11 at 5. Further, the Court cautioned McGlown that "a continuous patter of non-meritorious litigation may result in a bar order, limiting her ability to bring suit in this District." *Id.* Following a referral notice from the Ninth Circuit, the Court revoked McGlown's IFP status. Dkt. No. 19.

10. *McGlown v. Asia People's Republic, et al.,* Case No. 2:23-cv-153-JNW: On January 30, 2023, 10 days after she had commenced her previous action against the U.S. Department of Commerce, McGlown filed a motion seeking leave to proceed IFP against "Asia People's Republic," Triad Chang, "China People Republic," and Jinping Xi. Dkt. No. 8. Magistrate Judge Brian Tsuchida granted McGlown's motion, but recommended that the Court review her proposed complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing a summons. Dkt. No. 7. McGlown alleged "breach of contract and sabotaging the future indexes of the Plaintiff on the SEC NASDAQ Broker Tracing Corporation [sic]." Dkt. No. 8 at 5. She sought over "1 zillion dollars" in damages for "a job incomplete." *Id.* The Court held that McGlown's complaint was frivolous and failed to state a valid claim for relief; it dismissed the complaint without prejudice on July 3, 2023. Dkt. No. 26.

In sum, McGlown has filed 10 separate actions in this District since 2016, all of which have been dismissed as fanciful or frivolous and failing otherwise to state a claim.

## ANALYSIS

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although such orders should be used sparingly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48; *Molski*, 500 F.3d at 1057.

The first two factors are procedural, while the "latter two factors ... are substantive considerations ... [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1058.

I. **Notice and Opportunity to be Heard.**

The first factor requires that an individual has fair notice of the possibility that they may be declared a vexatious litigant, and further, that they be given an opportunity to oppose the order before it is entered. *Id*. at 1147. *Id.* at 1058. This does not require the court to hold an in-person hearing, as "'the opportunity to brief the issue fully satisfies due process requirements.'" *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) (quoting *Molski,* 500 F.3d at 1058); *see Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (holding opportunity to file a written opposition satisfies first *De Long* factor; collecting cases). Here, the first factor is met because, through this order, McGlown has received notice and an opportunity to submit a written response before a pre-filing order is potentially entered against her.

II. **Adequate Record for Review.**

An adequate record for review should include a listing of all the cases and motions that lead the district court to conclude that a vexatious litigant order is needed. *De Long*, 912 F.2d at 1147 (citing *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)). At a minimum, the record should show that the litigant's activities are numerous or abusive. *De Long*, 912 F.2d at 1147. This factor is met because the Court has chronicled and discussed in sufficient detail all the actions—10 in total—that McGlown has filed in this District.

ORDER - 7

### III. Frivolous or Harassing Filings.

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Because this factor requires substantive consideration, courts look toward a separate set of considerations that provide a "helpful framework":

> (1) the litigant's history of litigation, and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, in other words, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 1058. These five substantive factors help determine whether a party is a vexatious litigant and, if so, the sanction that is required to stop the vexatious litigation: *Id.* (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). The final consideration—whether other remedies would be adequate to protect the courts and other parties—is particularly important. *Ringgold Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1062 (9th Cir. 2014).

McGlown's previous filings demonstrate that she is a vexatious litigant. First, McGlown has filed numerous frivolous actions, and she has either failed to respond to the Court's orders asking her to clarify her claims or responded with nonsensical or incoherent filings. *See Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering vexatious litigant order against a plaintiff who had filed five similar actions over a period of ten years). Second, all of McGlown's prior lawsuits have been dismissed as frivolous or fantastical and thus failing to state a claim. For example, in her latest lawsuit, McGlown sought to recover "zillions" of dollars on a contract claim against China's president Jinping Xi and the fictious "Asia People's Republic." In addition, she has identified no viable legal theory in support of her numerous claims. Third,

ORDER - 8

McGlown has filed all her claims as a *pro se* litigant, meaning that she has never been represented by counsel. Fourth, she has procured IFP status in all claims but two, using the Court's limited resources to bring her claims. Additionally, her lawsuits have placed an unwarranted burden on the District and followed a pattern: in each action, McGlown filed a complaint that fell well short of meeting basic notice pleading requirements under Fed. R. Civ. P. 8, and otherwise violated 28 U.S.C. § 1915(e)(2)(B). When ordered to amend her pleadings or show cause why the cases should not be dismissed, she has failed to provide coherent responses to justify maintaining her actions. Finally, other sanctions, such as monetary fines, would be overly punitive and not dissuade McGlown from continued filings given that her IFP requests have shown that she has limited financial resources.

Thus, McGlown has filed multiple lawsuits, sometimes attempting to maintain more than one suit at a time, all of which are frivolous or fantastical, legally unsupported, and imposing substantial cost to the courts.

**IV.   Narrowly Tailored**

The fourth and final factor requires that the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g., Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts sought to be restrained).

Here, McGlown has brought multiple, meritless IFP lawsuits before multiple judges in this District. This, the specific vice the Court seeks to address and remedy is the serial filing of facially frivolous or fantastical lawsuits by a *pro se* litigant.

ORDER - 9

**ORDER**

Based on these findings and a thorough review of the record, the Court now ORDERS Plaintiff McGlown to SHOW CAUSE why a vexatious litigant bar order should not be issued in this District. Specifically, such a bar order would include the following restrictions:

1) The Clerk will initially file all McGlown's future *pro se* complaints and motions for *in forma pauperis* in a miscellaneous case number specifically designated for this purpose pending the Court's review of each such complaint and motion.[1]

2) The Clerk will not issue summonses in any *pro se* action filed by McGlown without approval of the Court.

3) The Court may dismiss any future *pro se* complaint and motions for *in forma pauperis* status upon a finding that the complaint suffers from the same defects outlined above, or others, without issuing an order to show cause.

Plaintiff McGlown's Response is due no later than **21 days** from the date of this Order and may not exceed 12 pages. No attachments are permitted. Failure to file a response will result in the issuance of the above bar order.

Dated this 2nd day of August, 2023.

Jamal N. Whitehead
United States District Judge

---

[1] If Plaintiff is represented by counsel, then any complaint she files as a represented party may receive a civil number immediately without the need of first filing it under the specially designated miscellaneous case number.